UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DARLENE WILLIAMS, AS MOTHER AND
NEXT FRIEND OF KPW, A MINOR											PLAINTIFF

VS.										CIVIL ACTION NO. 3:08cv672-DPJ-JCS

NORTH HILL SQUARE APARTMENTS, ET AL.							DEFENDANTS

## ORDER

This premises case is before the Court on Defendants' motion for summary judgment, or alternatively, motion for partial summary judgment on the issue of punitive damages [46]. The Court, having fully considered the parties' submissions and the applicable law, finds that Defendants' motion for summary judgment should be denied as to liability but granted as to Plaintiff's claim for punitive damages.

I.  Facts/Procedural History

On or about April 19, 2008, five-year-old K.A.W. fell through a second floor screened window in her father's apartment at the North Hill Square Apartments. North Hill Square Apartments is owned by Defendant Graoch Associates #57, Limited Partnership, and is managed by Defendant American Management Services, L.L.C., d/b/a Pinnacle Realty Management.

The matter was originally filed in the Circuit Court of Hinds County, Mississippi, but was later removed to this Court. Non-diverse defendant Cathy (Kathy) Loveall was then dismissed by agreement of counsel. The remaining defendants moved for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. Although Plaintiff sought oral argument, the Court concludes that the matter may be properly addressed based on the written submissions.

II.     Standard

Summary judgment is warranted under Rule 56(c) when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000).

III.　　Analysis

　　　A.　　<u>Liability</u>

As stated, the minor was injured on Defendants' premises. The parties agree that she was an invitee and that Defendants owed her a duty of care. The precise legal theory to be applied is not clearly addressed, but the parties mention both premises liability and the implied warranty of habitability. *See Pigg v. Express Hotel Partners, LLC*, 991 So. 2d 1197, 1199 (Miss. 2008) (holding that premises owners owe invitees "a duty of reasonable care in keeping their premises in a reasonably safe condition"); *Joiner v. Haley*, 777 So. 2d 50, 52 (Miss. Ct. App. 2000) (observing that implied warranty of habitability "requir[es] a landlord to provide reasonably safe premises at the inception of a lease") (citing *O'Cain v. Harvey Freeman & Sons, Inc. of Miss.*, 603 So. 2d 824, 833 (Miss. 1991) (Sullivan, J., concurring)). While nuances may exist between the theories, for the purposes of this motion, it is enough to observe that both encompass a duty to provide a reasonably safe premises.

In the present case, Plaintiff claims that there are a number of disputed facts that must be decided by the jury. For the most part, those facts are neither material nor genuinely disputed.[1] That said, Plaintiff has offered expert testimony that Defendants were negligent in numerous regards and that the premises was not in a reasonably safe condition when the minor's father moved into the apartment. Notably, the expert opines that various safety devices are readily

---

[1]For example, Plaintiff argues that there may not have been a screen in the window, whereas all of the witnesses agree the child fell through the screen. Similarly, Plaintiff argues that Defendants' failure to fix the air conditioning unit in the apartment proximately caused the fall because the occupants had to open the windows, but the only witness with first-hand knowledge (K.A.W.'s father) testified that the air conditioning was working on the day of the fall.

available to prevent children from falling from windows, some of which he cites from the U.S. Consumer Product Safety Commission guidelines. Defendants offer competing expert opinions, but they never moved to strike Plaintiff's expert, and the time for doing so has now passed. *See* Uniform Local Rule 7.2(B)(3). Accordingly, there is record evidence creating a jury question as to whether Defendants breached their duty to the minor in a way that proximately caused her injury. This Court is precluded from weighing that evidence. *Reeves*, 530 U.S. at 150. As for the other elements, there is no apparent dispute that a duty existed and an injury occurred. Plaintiff's have therefore created a genuine issue of material fact as to each element of the claims addressed in the present motion. As such, the motion for summary judgment is denied as to liability.[2]

> B.   Punitive Damages

Defendants alternatively seek summary judgment as to Plaintiff's claim for punitive damages. "Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud." Miss. Code Ann. § 11-1-65(1)(a).

Plaintiff's only response is that the issue is not ripe. In *Bradfield v. Schwartz*, the Mississippi Supreme Court held that, if compensatory damages have been awarded, the trial court must hold an evidentiary hearing before the jury on punitive damages before ruling on a motion for directed verdict. 936 So. 2d 931 (Miss. 2006). *Bradfield* does not address summary

---

[2]Defendants make an "open and obvious" argument with respect to failure to warn, but it does not appear that such a claim is raised in Plaintiff's Complaint.

4

judgment, and the Court does not read it as abrogating the normal function of Rule 56(c). In addition, the Mississippi Supreme Court has affirmed summary judgment as to punitive damages after deciding *Bradfield*. *See Miller v. R.B. Wall Oil Co., Inc.*, 970 So. 2d 127, 133 (Miss. 2007) (reversing summary judgment as to liability but affirming summary judgment on punitive damages).

As such, Plaintiff was required to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. 324. No such showing has been made. Moreover, the Court's own review of the record fails to demonstrate clear and convincing evidence that Defendants "acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others." Miss. Code Ann. § 11-1-65(1)(a).[3] While a jury question has been created as to whether it was unreasonable not to add protective devices to the windows, Defendants complied with all local ordinances and there is no clear and convincing evidence of conduct creating a basis for punitive damages. The motion is therefore granted as to punitive damages.

IV.     Conclusion

Based on the foregoing, Defendants' motion is denied as to liability and granted as to punitive damages.

---

[3]To the extent the Court may have overlooked evidence not referenced in the memoranda, it must be noted that the Court is "under no duty 'to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Fuentes v. Postmaster Gen. of U.S. Postal Serv.*, 282 F. App'x 296, 300 (5th Cir. 2008) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)); *see also Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court.").

**SO ORDERED** this the 6th day of November, 2009.

                                            s/ *Daniel P. Jordan III*
                                            UNITED STATES DISTRICT JUDGE