UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DARLENE WILLIAMS, AS MOTHER AND
NEXT FRIEND OF KPW, A MINOR                                              PLAINTIFF

VS.                                                      CIVIL ACTION NO. 3:08cv672-DPJ-JCS

NORTH HILL SQUARE APARTMENTS, ET AL.                                     DEFENDANTS

**ORDER**

This premises liability case is before the Court on Plaintiff's motion to remand [68]. The question presented is whether complete diversity exists -- more specifically, whether Defendants Graoch Associates #57, Limited Partnership, ("Graoch") and American Management Services, L.L.C., ("American") are citizens of Mississippi, thus destroying diversity jurisdiction.[1] Having fully considered the parties' submissions and the applicable law, the Court finds that subject matter jurisdiction exists and that the motion should be denied.

Federal district courts have the power to adjudicate civil actions between "citizens of different States" where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1) (2006). "When jurisdiction is based on diversity, we adhere strictly to the rule that citizenship of the parties must be 'distinctly and affirmatively alleged.'" *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1998) (emphasis added) (quoting *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)). "A removing defendant must prove by a preponderance of

---

[1] Plaintiff initially limited the citizenship challenge to Graoch. However, this Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Accordingly, the Court ordered Defendant to go beyond Plaintiff's motion and address the citizenship of Graoch, American, and each of their partners/members.

the evidence that the diversity of citizenship lies." *Brown v. Descheeny*, No. 3:09-cv-21-HTW-LRA, 2010 WL 1141156, at *1 (S.D. Miss. Mar. 22, 2010).

Graoch is a limited partnership ("LP"), and American is a limited liability corporation ("LLC"). Citizenship inquiries involving both types of entities invoke the same test under § 1332. As noted by the Fifth Circuit Court of Appeals, the citizenship of LPs and of LLCs are both decided based upon the citizenship of each of their partners or members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). Where the limited partnership or LLC is made up of other partnerships or LLCs, the district court must trace the citizenship of each such person or entity down the various organizational layers. *Lawson v. Chrysler LLC*, No. 4:08-CV-19-DPJ-JCS, 2009 WL 961226, at *2 (S.D. Miss. Apr. 7, 2009) (citing *Mullina v. TestAmerica Inc.*, No. 08-11224, 2009 WL 807458, at *9 (5th Cir. Mar. 30, 2009)).

In this case, that inquiry reveals that in addition to individuals, LPs, and LLCs, various corporations are listed as partners or members of various LPs and LLCs within the organizational layers. The citizenship of a corporation is determined based on § 1332(c)(1), which states that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The United States Supreme Court recently clarified this standard in *Hertz Corp. v. Friend*, wherein it held that

> "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters--provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

130 S. Ct. 1181, 1192 (2010).

Turning to the present case, Defendants presented two affidavits that fully exhaust the hierarchy of ownership as to Graoch and American. Their evidence demonstrates that, at each level, the corporations, LPs, LLCs, and individuals are not citizens of Mississippi. Defendants' burden in this regard is to prove citizenship by a preponderance of the evidence. They have met this burden, and the record contains no evidence suggesting that any of these individuals or entities are citizens of Mississippi.

Finally, the Court will quickly address Plaintiff's main contentions. First, Plaintiff claims that Defendants failed to address the citizenship of Graoch 57 GP, LP, one of the partners making up Defendant Graoch. However, paragraph 4 of Maureen Walsh's affidavit covers the issue. Second, Plaintiff argues that Graoch is a Mississippi business because it is registered to do business in Mississippi and appears on the Mississippi Secretary of State website. This is not the proper test for determining the citizenship of an LP. *See Harvey*, 542 F.3d at 1079-80. Moreover, the website merely reflects that Graoch is authorized to do business in Mississippi as a "Foreign" LP with its principal office in Tacoma, Washington. This buttresses Defendants' contention that the entity is a citizen of Washington. Third, Plaintiff makes the same argument as to Graoch 57-1 GP, Inc. ("Groach 57-1"), claiming that it is registered to do business in Mississippi and is therefore a citizen of this state. Graoch 57-1 is one of the partners of another LP that is a partner of Defendant Graoch. Thus, if it was in fact a citizen of this state, diversity would be destroyed. However, Plaintiff applies the wrong legal standard to this corporation, *see Hertz Corp.*, 130 S. Ct. 1181, and Defendants' record evidence establishes that Groach 57-1's principal place of business is not in Mississippi. Finally, Plaintiff dismisses the Defendants' affidavits as self-serving and insufficient, but the Court concludes that the affidavits constitute

3

competent evidence.  Tracking Defendants' ownership all the way down to the individual and corporate levels was no small task, and Defendants' submissions were more than adequate to satisfy their burden of proving diversity by a preponderance of the evidence.  No contrary evidence has been submitted.

Accordingly, the Court finds that Plaintiff's motion to remand should be denied.

**SO ORDERED AND ADJUDGED** this the 7th day of April, 2010.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE